## HECKER *vs.* FOWLER.

The court will not dismiss a writ of error to the Circuit Court on the ground that there is no error apparent on the face of the record.

This was *covenant* brought in the Circuit Court for the southern district of New York. While the cause was pending there, it was referred by consent. The referee found for the plaintiff. The court entered judgment on the award, and the defendant below took this writ of error. The defendant in error (plaintiff below) moved to dismiss the writ of error, and affirm the judgment.

*Mr. Andrews*, of New York, in support of the motion. The facts are not found in a general or special verdict, nor agreed on in a case stated, and there is no bill of exceptions. This court must, therefore, affirm the judgment, unless there is error apparent on the face of the record. *Graham* vs. *Bayne*, (18 How., 60;) *Guild* vs. *Frontin*, (18 How., 135;) *Suydam* vs. *Williamson*, (20 How., 427;) *Kelsey* vs. *Forsyth*, (21 How., 85;) *Campbell* vs. *Boyreace*, (21 How., 223.) There is no error on the face of this record.

*Mr. Monroe*, of New York, resisted the motion.

Mr. Chief Justice TANEY. We are asked to dismiss this writ because no error appears on the face of the record. It is not necessary, by the practice of this court, for the party who brings a cause here to specify upon the record the errors he complains of, and they are not even informally brought to our notice until the argument is heard. Want of jurisdiction and irregularity of the writ are the only grounds for dismissal. Where a judgment appears to have been rendered which the party is entitled to have revised in this court, and it is also seen that it comes here for such revision upon proper process, duly issued, all other questions must await the final hearing. To say that there is no error in this judgment, and affirm it

for that reason, would be to decide the whole legal merits of the case, and this we cannot do on a motion to dismiss or quash the writ.

*Motion denied.*